TROY MAY v. THE STATE.

No. 13647. Delivered November 5, 1930.
Reported in 34 S. W. (2d) 594.

The opinion states the case.

*A. M. Wolford* of McKinney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for felony theft; punishment, two years in the penitentiary.

The only contention made on this appeal is that the testimony is not sufficient to support the verdict and judgment. J. G. Looper lost certain seed cotton from his field on the night of September 24, 1929. His daughter, who was supervising the picking, said there were 868 pounds of the cotton which was shown to be worth from six to six and one-half cents per pound. The next day Looper went with an officer to appellant's home. Appellant was absent. Looper says that in passing appellant's house he saw some cotton. He does not state or attempt to state the amount of cotton seen by him in appellant's house. He merely stated that his attention was attracted by seeing some cotton as he passed appellant's house. Looper and the officer went to the house and looked at the cotton. Without going into detail, it appears plain that Looper could not identify the cotton as his. He said his cotton was Bennett cotton, and he attempted to describe some peculiarities about the seed of Bennett cotton, but later said that Mebane cotton had similar seed to the Bennett cotton, and that Cash cotton had about the same color of seed, and that he did not know what kind of seed the Big Boll cotton had. He testified "So far as the color and size of the seed is concerned, there was nothing about this cotton to definitely identify it from any other cotton." He said his cotton was picked rough, trashy, etc., but admitted there was plenty of other cotton picked the same way. He testified there was a cotton sack with the

cotton that was seen by him and Mr. Sletzer at appellant's house. He does not identify any sack as being taken from appellant's home and shown to witness' daughter. Looper's daughter, Mrs. Arnold, testified that she was picking cotton for her father, and that she left a cotton sack in the field with cotton in it. She testified that the next morning after the cotton was taken her father and Mr. Sletzer brought a cotton sack to her. On the trial she identified this sack by certain stitches and patches. She testified to the weight of the cotton left by them in the field as being 868 pounds of seed cotton. Appellant's wife took the stand and identified positively the sack testified to by State witness Mrs. Arnold, as being her own sack, and that she put the patches on it, and that she identified it by the patches and by some wire that was used in fixing up a strap, and said she and her children had picked the cotton that was in the sack, which was in same when Mr. Looper and the officer came to her house the morning of September 25th. The State introduced in rebuttal Mr. Sletzer who testified that he went with Mr. Looper to appellant's home, but he does not undertake to tell how much cotton was found at appellant's home nor to describe same in any way. The State introduced Mr. E. K. Taylor who said he lived at Van Alstyne, and that on the morning of September 25th he issued a check in payment of 770 pounds of cotton, and that he issued it pretty early in the morning but did not know what time. On cross-examniation by the defense he said that the man to whom he gave the check was a heavier man than defendant and a much larger and taller man. He said the check was given to a man who said his name was Bill Perry. The State next introduced Mr. Giles who said he lived at Anna, and that about nine o'clock on the morning of September 25th he cashed a check which was shown him, for appellant who gave the name of Bill Perry. This is the State's case.

Mr. Taylor said that he bought some cotton amounting to 770 pounds on the morning of September 25th from some man other than this appellant, who gave him the name of Bill Perry; that this transaction occurred at Van Alstyne. Mr. Giles testified that at Anna about nine o'clock that morning he cashed a check for appellant who gave him the name of Bill Perry. Mr. Giles does not say that the check he is talking about is the same check that was identified by Mr. Taylor, nor does any other witness supply this defect. No testimony is offered showing how far Van Alstyne is from Anna. No attempt was made to show that the cotton

sold to Mr. Taylor was ever followed, seen or identified by Mr. Looper or anyone else as Looper's cotton. Mr. Looper testified that he and Sletzer were at appellant's house between ten and twelve o'clock. There must have been enough cotton outside the sack in question at appellant's house at that time to have attracted Looper's attention from the road. Apparently whatever cotton was sold by the tall heavy man to Taylor at Van Alstyne had been sold before this time. Also according to the testimony of Mr. Giles appellant had cashed a check at his bank at Anna at nine o'clock, or from an hour to three hours before Looper saw any cotton at 'appellant's house. In the confused condition in which we find this record we are unwilling to give our assent to a judgment which shall deprive any citizen of this State of his liberty.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

HAWKINS, J., absent.